IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

COVINGTON NM, LLC,
a Nevada limited liability company

      Plaintiff,

v.                                            Civil Action No.   1:14-cv-00615-LAM-WPL

FOREST CITY NM, LLC,
a New Mexico limited liability company

      Defendant.

## DEFENDANT FOREST CITY NM, LLC'S MOTION FOR SANCTIONS PURSUANT TO FED. R. CIV. P. 11

Defendant, Forest City NM, LLC ("Forest City"), through undersigned counsel, hereby moves the Court to impose sanctions against Plaintiff, Covington NM, LLC ("Covington"), and its counsel pursuant to Fed. R. Civ. P. 11:

### CERTIFICATE OF GOOD FAITH REQUEST FOR CONCURRENCE

In accordance with Rule 11 and L.R. 7.1(a), a copy of this motion was served on Covington on August 7, 2014. Covington failed to withdraw its Amended Complaint within the time provided as a "safe harbor" under Fed. R. Civ. P. 11(c)(2). Accordingly, this matter is now ripe for consideration by the Court.

### INTRODUCTION AND SUMMARY OF ARGUMENT

On July 3, 2014, Covington, through its counsel, W. Spencer Reid of Keleher & McLeod, P.A., filed a Complaint against Forest City. Covington's Complaint contains a series of false statements of fact, and each of these statements concern facts that are (or upon reasonable investigation would be) within the knowledge of Covington and its counsel. On August 1, 2014,

009712\0002\11488372.2

Covington and its counsel filed an Amended Complaint that merely repeated and amplified the false statements. These false statements concern facts that are material to Covington's claims in this matter, including the allegations fundamental to Covington's claims: that Forest City has refused to participate in arbitration, and that this Court has jurisdiction over, and should adjudicate, disputes between the parties. Covington's submission of these false statements of fact in signed pleadings requires the imposition of sanctions against Covington and its counsel as provided for in Fed. R. Civ. P. 11. The sanctions should include (1) striking Covington's Amended Complaint as improper and containing false statements of fact, and (2) awarding Forest City monetary sanctions sufficient to reimburse its attorney's fees and costs in defending against Covington's Complaint.

## COVINGTON'S FALSE STATEMENTS OF FACT AND LAW

The facts pertinent to this Motion are set out in detail in Forest City's Motion to Dismiss Amended Complaint, filed in this Court on August 7, 2014, and which Forest City incorporates by reference into this Motion. (Dkt. #16, Mot. to Dismiss Am. Compl.) In short, however, Covington's Amended Complaint is founded on two principal misrepresentations of fact and law: that Forest City refuses to participate in arbitration; and that there is some set of facts that would give this Court (rather than an arbitrator) jurisdiction to resolve disputes between Forest City and Covington.

## ARGUMENT

Federal Rule of Civil Procedure 11 requires that all factual contentions and denials of factual contentions contained in a signed pleading have evidentiary support. Specifically, Rule 11(b) states:

> By presenting to the court a pleading, written motion, or other paper – whether by signing, filing, submitting, or later advocating it – an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigations or discovery; . . . .

Fed. R. Civ. P. 11(b).

Rule 11 sanctions are meant to serve several purposes, including (1) deterring future litigation abuse, (2) punishing present litigation abuse, (3) compensating victims of litigation abuse, and (4) streamlining court dockets and facilitating case management. *White v. Gen. Motors Corp., Inc.*, 908 F. 2d 675, 683 (10th Cir. 1990). The filing of Covington's Complaint violated Rule 11(b) in multiple independent ways, and sanctioning Covington in connection with that filing would serve each of the purposes articulated in *White*.

I.  **COVINGTON MISREPRESENTS TO THE COURT THAT FOREST CITY HAS REFUSED TO ARBITRATE**

The filing of Covington's Amended Complaint is sanctionable first because it repeatedly misrepresents that Forest City has refused to arbitrate a dispute between the parties. Specifically, Covington falsely represents that:

- Forest City has stated "that it would not participate in the arbitration requested by CNM" (Am. Compl. ¶ 27); and

- Forest City has "refused to arbitrate the matters raised in CNM's notice, alleging that no matters raised in that Notice are subject to arbitration under the Operating Agreement." (*Id.* ¶ 38.)

In its Motion to Dismiss, Forest City described in detail the reasons why Covington's assertions in this regard are untrue.  (*See* Dkt. #16, Mot. to Dismiss at 9-10.)  Without repeating every such reason here, the undisputed facts of record are that Covington prematurely initiated—then has abandoned—its own arbitration proceeding.  (*See id.*)  Covington's allegations that Forest City has refused to participate in arbitration are based upon the language of a letter sent to Covington on June 27, 2014.  (*See* Am. Compl. ¶¶ 27-29, 38.)  In that letter, Forest City put Covington on notice that its attempt to initiate arbitration was inconsistent with the provisions of the Operating Agreement; but the plain language of the letter also displays that Forest City never refused to participate in arbitration, and instead gave notice of its reservation of rights in Covington's forthcoming arbitration.  (*See id.*)  Specifically, counsel for Forest City placed Covington on notice that:

(1)  its arbitration notice was premature;

(2)  the Operating Agreement "does not allow for arbitration of disputes respecting the Buy-Sell process;"

(3)  Forest City does not "agree, consent or accede to the Notice, but will instead continue to comply with the Buy/Sell process prescribed in the [Operating Agreement], including the terms for Closing of the Buy/Sell offer;" and

(4)  "that participation by [Forest City] in an arbitration proceeding for enforcement of the obligations of CNM under the [Operating Agreement] shall not constitute a waiver of the rights of [Forest City] to disregard and/or dispute CNM's Notice and assert the inapplicability of arbitration to the disputes described therein."

(Am. Compl. ¶ 27-29; Ex. A, June 27 Letter.)  Nothing in Forest City's June 27 Letter, or any of its other communications with Covington, announces a refusal to participate in arbitration; and, as explained in the Motion to Dismiss, <u>Forest City</u> has commenced arbitration of disputes under the Operating Agreement.  Covington's allegations to the contrary, particularly in the Amended

Complaint and after Forest City delivered a Notice of Intent to Arbitrate, are plainly untrue, misrepresent the course of events leading to Covington's filing of its Amended Complaint, and violate Fed. R. Civ. P. 11(b)(3).

## II.     COVINGTON HAS FAILED TO APPROPRIATELY AMEND OR SUPPLEMENT ITS COMPLAINT

Covington has continued to pursue its claim seeking to compel arbitration despite the fact that Forest City has now initiated an arbitration proceeding. Not only does this overt disregard of undisputed evidence display that Covington's assertion—that Forest City has refused to participate in arbitration—is untrue, it also shows that Covington intentionally ignores its obligations under Rule 11 and knowingly fails to timely correct its factual misstatements to this Court.

As explained in Forest City's Motion to Dismiss, Forest City gave written notice to Covington, on July 1, 2014, that Covington was in default of its obligations to close a Buy-Out transaction. (Ex. B, July 1 Letter.) By letter dated July 3, 2014, Forest City then gave formal notice to Covington of Forest City's request for mediation of the disputes summarized in its notice, pursuant to Section 14.8 of the Operating Agreement. (Ex. C, July 3 Letter.) Covington and Forest City representatives thereafter participated in a mediation process as contemplated by the Operating Agreement, including a conference call and extended communications between the parties; but the parties were unable to resolve the disputes set out in Forest City's notice. Forest City thereafter invoked arbitration, on July 22, 2014, by timely service of a Notice of Intent to Arbitrate on Covington. (Ex. D, Forest City Notice of Intent to Arbitrate.)

Given that Forest City is actively pursuing an arbitration proceeding, the allegations of Covington's Amended Complaint are both patently untrue and constitute overt factual misrepresentation to this Court in violation of Fed. R. Civ. P. 11(b)(3).  To the extent that Covington might have misunderstood Forest City's willingness to participate in arbitration when Covington's original Complaint was filed, Covington was obligated to timely correct its allegations in the Amended Complaint (filed <u>after</u> the Forest City Notice of Intent to Arbitrate).  Instead, Covington, of its own accord and after service of the original form of this Motion upon it by Forest City, has repeated the same false allegations in its Amended Complaint.

### III.     COVINGTON HAS PRESENTED A CLAIM FOR ADJUDICATION IN THIS COURT THAT IS SUBJECT TO MANDATORY ARBITRATION

Finally, the filing of Covington's Complaint and Amended Complaint directly violate Section 14.9 of the Operating Agreement.  As explained in Forest City's Motion to Dismiss, that Section makes clear that the parties may not, under any circumstances, present disputes to a court, rather than an arbitrator, for resolution:

> **Any dispute** between the Members with respect to any matter pertaining to this Agreement which has been re-directed pursuant to Section 14.8 and which is not otherwise subject to buy-out pursuant to Section 14.10, **shall be resolved by arbitration** pursuant to this Section 14.9; the **Members hereby waive their right to seek a judicial determination** of whether either party is in breach of, or default under, any of the terms or provisions of this Agreement. Except as to the limited appeal right set forth in this Section 14.9, **the requirement that all disputes be resolved through arbitration pursuant to this Section shall constitute <u>an absolute defense to any court action</u> filed by one of the parties hereto against the other, and shall enable the party against whom such action is filed to cause such action to be dismissed or set aside at any time.**

(Am. Compl. ¶ 13; Ex. 1, Operating Agreement § 14.9(a) (emphasis added).)  Despite this plain language, Covington presents, in the Second Count of its Amended Complaint, all of its disputes with Forest City for resolution **by this Court**, and seeks a judicial determination of the issues

respecting compliance of Forest City's May 5, 2014 offer with Section 14.10 of the Operating Agreement.  (Am. Compl. ¶¶ 42-43.)  Specifically, Covington alleges entitlement to:

- "a final order declaring Forest City's May 5, 2014 offer to be non-conforming, and thus invalid and inoperable, under the Operating Agreement" (Am. Compl. ¶ 42.a);

- "an order declaring Forest City's purported election of a closing date to purchase CNM's interest to be invalid, void, and inoperable" (*Id.* ¶ 42.b); or, alternatively,

- a declaration that Forest City's "offer [is] effective upon the date of service of the Court's final order herein." (*Id.* ¶ 43.)

Because Section 14.9(a) of the Operating Agreement announces that its requirements shall constitute an "absolute defense to any court action," Covington has no basis in law or fact for seeking judicial determinations for party/Member disputes, and the filing of its Complaint violates Fed. R. Civ. P. 11(b)(2).

## CONCLUSION

Each of the misrepresentations described above fall squarely within the rationales for imposing Rule 11 sanctions, as articulated in *White*.  Covington has filed a groundless lawsuit against Forest City, and the result is that Forest City has been forced to unnecessarily incur attorney fees and other expenses, and this Court has been required to unnecessarily devote its attention to this matter.  For these reasons, and all of the reasons stated above, Forest City requests that Covington and its counsel be sanctioned pursuant to Fed. R. Civ. P. 11.  The sanctions should include (1) striking Covington's Complaint as improper and containing false statements of fact, and (2) awarding Forest City monetary sanctions sufficient to reimburse its attorney's fees and costs in defending against Covington's Complaint.

DATED this 7th day of August, 2014.

   *s/Hubert A. Farbes, Jr.*
Hubert A. Farbes, Jr., #6353
Jonathan G. Pray, #36576
BROWNSTEIN HYATT FARBER SCHRECK, LLP
410 Seventeenth Street, Suite 2200
Denver, CO  80202-4432
Phone: 303.223.1100
Emails: hfarbes@bhfs.com; jpray@bhfs.com

Eric R. Burris
BROWNSTEIN HYATT FARBER SCHRECK, LLP
201 Third Street NW, Suite 1700
Albuquerque, NM  87102
Phone: 505.244.0770
Email: eburris@bhfs.com

*Attorneys for Defendant Forest City NM, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on August 7th, 2014, a true and correct copy of the foregoing DEFENDANT FOREST CITY NM, LLC'S MOTION FOR SANCTIONS PURSUANT TO FED. R. CIV. P. 11 was served by U.S. Mail and electronic mail on the following counsel:

       W. Spencer Reid – sr@keleher-law.com
       Gary J. Van Luchene – gvl@keleher-law.com
       *Attorneys for Covington NM, LLC*

                                      */s Penny G. Lalonde*
                                    Penny G. Lalonde, Paralegal