# EXHIBIT A
## (TO FOREST CITY'S MOTION FOR SANCTIONS PURSUANT TO FED. R. CIV. P. 11)

**Brownstein Hyatt**
**Farber Schreck**

June 27, 2014

Hubert A. Farbes, Jr.
Attorney at Law
303.223.1186 tel
303.223.0986 fax
hfarbes@bhfs.com

VIA U.S. MAIL AND EMAIL: SR@KELEHER-LAW.COM

W. Spencer Reid, Esq.
Keleher & McCleod, P.A.
201 3rd St NW, #1200
Albuquerque, NM 87102

RE: Covington's Notice and Demand for Arbitration Dated June 17, 2014

Dear Mr. Reid:

Our office has received copies of the Notice and Demand for Arbitration ("Notice") of Covington NM, LLC ("Covington") dated June 17, 2014 and addressed to our client, Forest City NM, LLC ("FCNM").

As you are certainly aware, the Operating Agreement ("OA") of FC Covington Manager, LLC does not provide or allow for arbitration of the Buy/Sell process prescribed therein [See Sections 14.8 and 14.9 of the OA, which provide that "the parties shall be free to invoke arbitration . . . or buy-out pursuant to Section 14.10 . . . it being agreed that the buy-out provision is only available for a Deadlock . . . and that the arbitration is available FOR ALL OTHER DISPUTES [and for a Deadlock if the members so agree]," and "Any dispute . . . which is NOT otherwise subject to buy-out pursuant to Section 14.10 shall be resolved by arbitration." (emphasis added)]

FCNM has clearly identified a dispute constituting a Deadlock under the OA (see letter dated April 15, 2014). Following the April 15 letter, FCNM attempted to resolve the Deadlock via mediation with Covington pursuant to the OA. When the mediation did not resolve the Deadlock, FCNM issued a Buy-Sell Offer in accord with Section 14.10 of the OA (see letter dated May 5, 2014). Under these circumstances, the plain language of the OA does not allow for arbitration of disputes respecting the Buy-Sell process; and the captioned Notice from your client therefore constitutes a bad faith violation of the plain language and intent of the OA. (Paiz vs. State Farm Fire &Casualty Co., 118 N.M. 203, 880 P.3d 300).

Therefore, FCNM hereby gives formal notice to you and your client that FCNM does not agree, consent or accede to the Notice, but will instead continue to comply with the Buy/Sell process prescribed in the OA, including the terms for Closing of the Buy/Sell offer. The Closing date has been established as required by Sections 14.10.2 and 14.10.3 of the OA (see letter dated June 11, 2014), and FCNM will be prepared to meet all obligations of Purchaser under the OA at the Closing date.

In the event your client should default upon any of its obligations to close as prescribed in the OA, FCNM, as the Non-Defaulting Member, will exercise all of its rights at law or in equity (including specific performance) to enforce the obligations of Covington under the OA.

410 Seventeenth Street, Suite 2200
Denver, CO 80202-4432
main 303.223.1100

bhfs.com

Brownstein Hyatt Farber Schreck, LLP

W. Spencer Reid, Esq.
June 27, 2014
Page 2

You are further notified that any participation by FCNM in an arbitration proceeding for enforcement of the obligations of Covington under the OA shall not constitute a waiver of the rights of FCNM to disregard and/or dispute the Notice and assert the in-applicability of arbitration to disputes described therein.

Sincerely,

Hubert A. Farbes, Jr.

009712\0002\11383282.2